ATTORNEY GENERAL HENRY HAS RECEIVED YOUR LETTER OF APRIL 20, 1988, ASKING FOR AN OFFICIAL OPINION UPON THE CONFLICT OF INTEREST LAW CONTAINED IN 63 O.S. 1059 (1981) APPLIES TO EMPLOYEES OF PUBLIC HOUSING AUTHORITIES. HE HAS AUTHORIZED ME TO PERSONALLY RESPOND TO YOU ON HIS BEHALF THROUGH THIS INFORMAL LETTER. AS A SHORT PREFACE, THE PRIOR ADVICE GIVEN BY THIS OFFICE ON THIS SUBJECT IN ATTORNEY GENERAL OPINION NO. 81-102 APPEARS TO RESOLVE YOUR QUESTIONS. I REALIZE THAT THE PRECISE QUESTIONS RAISED IN THAT OPINION DID NOT HIGHLIGHT THE QUESTION OF APPLICABILITY OF THE STATUTE TO PART-TIME EMPLOYEES. HOWEVER, IT DOES NOT APPEAR THAT SUCH FACTS ARE RELEVANT TO A DETERMINATION OF THE APPLICABILITY OF THE STATUTE'S TERMS.
AS INDICATED IN YOUR LETTER, 63 O.S. 1059(A) PROVIDES FOR LIMITS ON THE ABILITY OF EMPLOYEES OF PUBLIC HOUSING AUTHORITIES TO HAVE CONTRACTUAL DEALINGS WITH THOSE AUTHORITIES AFTER THE EMPLOYMENT RELATIONSHIP BETWEEN THE TWO PARTIES IS ENDED. SECTION 1059 PROVIDES, IN THIS VEIN, IN PERTINENT PART:
"A. DURING HIS TENURE AND FOR THREE (3) YEARS THEREAFTER, NO COMMISSIONER, OFFICER, OR EMPLOYEE OF THE LOCAL HOUSING AUTHORITY SHALL VOLUNTARILY ACQUIRE ANY INTEREST, DIRECT OR INDIRECT, IN ANY PROJECT OR IN ANY PROPERTY INCLUDED OR PLANNED TO BE INCLUDED IN ANY PROJECT, OR IN ANY CONTRACT OR PROPOSED CONTRACT RELATING TO ANY HOUSING PROJECT."
IN 1981, THE ATTORNEY GENERAL REVIEWED THE PROVISIONS OF THIS SECTION AND ADVISED IN VERY STRONG TERMS THAT IT WAS INTENDED TO ACT AS AN ABSOLUTE BAR TO THE TYPES OF RELATIONSHIPS ADDRESSED BY THE STATUTE'S LANGUAGE. IN SO ADVISING, THE OPINION STATED:
 "THERE IS A GREAT DEAL OF AUTHORITY FOR THE PROPOSITION THAT AN EMPLOYER-EMPLOYEE RELATIONSHIP, ALTHOUGH STRICTLY SALARIED, COMES WITHIN CONFLICT OF INTEREST PROHIBITIONS AGAINST PUBLIC OFFICERS ACQUIRING DIRECT OR INDIRECT INTERESTS IN CONTRACTS OR PROJECTS OVER WHICH THEY HAVE OFFICIAL RESPONSIBILITY AS PUBLIC OFFICERS."
THE OPINION THEN GOES ON FOR THREE PAGES REFERRING TO JUDICIAL DECISIONS IN SUPPORT OF THAT PROPOSITION. WHILE THE PRECISE QUESTION ASKED OF THE ATTORNEY GENERAL INQUIRED OF PROHIBITIONS AGAINST THE ACTIONS OF A FORMER EXECUTIVE DIRECTOR OF SUCH AN AUTHORITY, IN EVERY SENTENCE IN WHICH THE STATUTE'S TERMS ARE DISCUSSED, THE ATTORNEY GENERAL WENT TO GREAT PAIN TO INCLUDE REFERENCES TO MERE EMPLOYEES OF THE AUTHORITY AS ALSO BEING INCLUDED IN THE CLASSES OF PERSONS COVERED BY THE STATUTE'S MANDATES.
BY THE SAME TOKEN, YOU RAISE IN YOUR LETTER WHETHER THE OPINION ADEQUATELY DEALS WITH THE ISSUES OF FORMER EMPLOYEES WORKING AS "SUBCONTRACTORS" IN PERFORMING SERVICES FOR THE AUTHORITY THEY PREVIOUSLY WERE EMPLOYED BY IN SOME CAPACITY. AT THE OUTSET OF THE OPINION, IT NOTES THAT TWO PRIOR ATTORNEY GENERAL OPINIONS HAD ADVISED THAT A RELATIONSHIP WHEREIN A FORMER OFFICER OF SUCH AN AUTHORITY BECAME A SALARIED EMPLOYEE OF A FIRM DOING BUSINESS WITH THE AUTHORITY WAS PERMISSIBLE, AND THEN POINTEDLY WITHDREW THOSE OPINIONS AS BEING INCORRECT STATEMENTS OF LAW. WHETHER A FORMER EMPLOYEE BECOMES A SALARIED EMPLOYEE OF A FIRM DOING BUSINESS WITH AN AUTHORITY, OR ENGAGES IN SOME FORM OF SUBCONTRACTING WORK FOR SUCH A FIRM WOULD APPEAR TO BE IRRELEVANT, UNDER THE STATUTE. IT PROHIBITS EVEN INDIRECT RELATIONSHIPS.
ACCORDINGLY, THE PRIOR OPINION DOES STILL STAND AS THE OFFICIAL ADVICE OF THIS OFFICE ON THE QUESTION OF THE BREADTH OF 63 O.S. 1059(A), AND IT DOES NOT APPEAR THAT THE FACTUAL PATTERN YOU HAVE PRESENTED IN YOUR LETTER WOULD RESULT IN A DIFFERENT APPLICATION OF THE LAW THAN THAT PREVIOUSLY GIVEN. INSOFAR AS IT IS FELT THAT ATTORNEY GENERAL OPINION NO. 1102 DOES ADEQUATELY ANSWER YOUR QUESTIONS, IT IS NOT FELT NECESSARY TO ISSUE ANOTHER FORMAL OPINION ON THIS SUBJECT AT THIS TIME.
(MICHAEL SCOTT FERN)